UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2298 HEA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court, pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.,* authorizing judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's Title II application for Disability Insurance Benefits ("DIB") and Title XVI application for Supplemental Security Income ("SSI") . For the reasons discussed below, the Commissioner's decision is affirmed.

The ALJ concluded that Plaintiff had not met her burden of demonstrating that she suffered from a severe impairment. Accordingly, the ALJ held that Plaintiff was not under any disability during her alleged onset date, January 30, 2014.

Plaintiff raises a single issue. Plaintiff argues that the decision of the ALJ is not now supported by substantial evidence as an acceptable source of medical proof established a diagnosis of depression and thus, the decision's denial at Step 2 of the sequential evaluation process is not supported by substantial evidence.

As explained below, the Court has considered the entire record in this matter. Because the decision of the Commissioner is supported by substantial evidence, it will be affirmed.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)

(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

## Decision of the ALJ

In a decision dated July 7, 2016, the ALJ determined that Plaintiff was not disabled under the Social Security Act. The ALJ acknowledged that the administrative framework required him to follow a five-step, sequential process in evaluating Plaintiff's claim. At step one, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity from since January 30, 2014, the alleged onset date. At step two, the ALJ found Plaintiff had the following determinable impairments during the relevant period; enlarged thyroid gland/goiter, head tremor, ligamentous laxity of the left ankle, and history of recurrent kidney stones.

The ALJ further concluded, however, that none of Plaintiff's impairments, either singly or in combination, significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments. Accordingly, the ALJ terminated the sequential evaluation process at step two, finding Plaintiff not disabled.

Plaintiff contends that the ALJ committed reversible error when the ALJ found none of her impairments to be severe at step two of the evaluation process. At step two of the sequential evaluation, the ALJ determined Plaintiff's impairments not to be severe, finding that there was no evidence that her symptoms and limitations were of sufficient severity to prevent the performance of all sustained work activity.

"An impairment ... is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). Basic work activities "mean the abilities and aptitudes necessary to do most jobs," including physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). The burden of showing a severe impairment at step two of the

sequential evaluation rests with the claimant, and the burden is not great. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001); *see also Gilbert v. Apfel*, 175 F.3d 602, 604–05 (8th Cir. 1999) (court to apply "cautious standard" at step 2 of evaluation process). "While '[s]everity is not an onerous requirement for the claimant to meet, but it also is not a toothless standard.' " *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015) (quoting *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007)).

In making his determination, the ALJ gave little, if any weight to evidence regarding Plaintiff's mental impairments from Nurse Practitioner Glen Mohan. Nurse Mohan was not an acceptable medical source and objective clinical findings and laboratory tests further fail to support a finding of severe impairment. The ALJ noted that medication for depression and anxiety had only been prescribed by Nurse Mohan, not a physician. And even if Nurse Mohan was overseen by a physician, there was no medical evidence that any overseeing physician had ever seen or examined Plaintiff.

Under the Regulations in effect at the time of Plaintiff's application, severe, medically determinable impairments must be based on evidence from "acceptable medical sources," such as licensed physicians, psychologists, optometrists, podiatrists, or speech-language pathologists. 20 C.F.R. §§ 404.1502, 404.1513(a), 416.902, 416.913(a) (2016). As Defendant correctly details, if a claimant can
6

establish a medically determinable impairment, information for "other" medical sources of evidence, such as nurse practitioners, can be considered to determine the severity of the impairment. 20 C.F.R. §§404.1513(d) and 416.913(d).

Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources. Acceptable medical sources* include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, (2) only acceptable medical sources can provide medical opinions, and (3) only acceptable medical sources can be considered treating sources, *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (emphasis in original) (internal citations omitted).

Other medical sources included at the time of Plaintiff's hearing, nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. § 416.913(d). "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939. Further, these other sources are

7

not entitled to controlling weight. *LaCroix v. Barnhart*, 465 F.3d 881, 885-86 (8th Cir. 2006).

Although Plaintiff urges the Court to apply the subsequently expanded definition of "acceptable medial source," which now includes nurse practitioners, the Court is not at liberty to do so. The 2017 addition of nurse practitioners to the definition of acceptable medical sources applies only for claims filed on or after March 27, 2017. Plaintiff provides no exception to this effective date.

Likewise, Plaintiff's argument that Nurse Mohan's findings were reported to a physician subsequent to the ALJ's decision requires remand is without merit. While subsequent medical evidence may give rise to a new claim, the ALJ's decision was based on the record before her; remand is not appropriate. *Bergmann v. Apfel*, 207 F.3d 1065, 1070 (8th Cir. 2000).

**Conclusion**

The undersigned concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. An ALJ's decision is not to be disturbed "'so long as the...decision falls within the available zone of choice. An ALJ's decision is not outside the zone of choice simply because [the Court] might have reached a different conclusion had [the Court] been the initial finder of fact.'" *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*,

528 F.3d 1113, 1115 (8th Cir. 2008)). Although Plaintiff articulates why a different conclusion might have been reached, the ALJ's decision (and therefore the Commissioner's decision) was within the zone of choice and should not be reversed for the reasons set forth in this Opinion, Memorandum and Order. The decision of the ALJ denying Plaintiff's claims for benefits should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date

Dated this 28th day of September, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE